Fuchsberg, J.
The facts in this case are undisputed. On the night of August 31, 1974, Officers Ralph Friedman and Robert De Matas, dressed in civilian clothes and driving a yellow taxicab, were on anticrime patrol in Bronx County. At approximately 10:45 p.m., they observed four men, of whom one was the defendant Allende, sitting in a double-parked 1974 Chev *476 rolet Vega automobile, engine running, on the corner of Beck and Tiffany Streets.
Guns drawn, both officers left their cab and approached the Vega. Officer Friedman walked to the driver’s side of the car; Officer De Matas went to the door opposite it. This they did though they had received no radio or other police bulletin relating either to a vehicle bearing the specific license plate number of the car occupied by the defendant, or even a vehicle of the same general type as the one in which the defendant was seated, or, for that matter, concerning any automobile in that particular area. (Cf. People v Lypka, 36 NY2d 210; People v Horowitz, 21 NY2d 55, 60.)
Thereafter, following denial of his motion to suppress the gun which had been seized, defendant pleaded guilty to the crime of possession of a weapon as a felony (Penal Law, § 265.05, renumbered § 265.02 by L 1974, ch 1041). The appeal to us is from an order of the Appellate Division, First Department, affirming the judgment of conviction. For the reasons which follow, the order should be reversed and the indictment dismissed.
The crucial question is whether the suppression motion should have been granted, its appealability having survived the plea (CPL 710.70, subd 2).
In approaching the double-parked Vega with drawn guns, the officers effectively seized the automobile and its occupants within the meaning of our State and Federal Constitutions (US Const, 4th Arndt; NY Const, art I, § 12; see People v Cantor, 36 NY2d 106, 111). It was not until after they had done so and ordered Gonzales to step out of the car that the gun was discovered. The legality of the police action, and the admissibility of the resultant evidence, therefore, depends upon whether there was reasonable cause for the intrusion on the privacy of the defendant and his companions. (Terry v Ohio, 392 US 1; People v Ingle, 36 NY2d 413.)
This is not a routine traffic check situation (see People v Ingle, supra; People v Simone, 39 NY2d 818; cf. People v Blodgett, 46 Cal 2d 114). The only possible traffic violation under the facts here would have had to arise out of the double parking. To say the least, it would hardly be likely that police engaged in such an inquiry would, without other provocation, and there was none here, do so with guns drawn. Nor are we called upon to determine here what the effect of the use of such excess means would have had on this case if indeed a *477 traffic check were involved. For Officer Friedman took that question right out of the case by his candid admission, during his testimony at the suppression hearing, that the sole objective of De Matas and himself had been to determine whether the Vega was stolen and, indeed, the hearing court itself so found, a finding that under the circumstances here must be deemed conclusive (People v Oden, 36 NY2d 382, 386).
That leaves us without even an iota of evidence on which to posit any possible finding that "the facts available to the officer at the moment of the seizure * * * [would] 'warrant a man of reasonable caution in the belief that the action taken was appropriate”. (Terry v Ohio, 392 US 1, 21-22, supra). Instead, despite their subsequent finding of the contraband, the seizure, judged as it must be as of its inception, was one based on nothing but a mere "whim or caprice” (People v Cantor, 36 NY2d 106, 112, supra; see, also, People v Johnson, 30 NY2d 929).
Had it not taken place, Officer Friedman would not have been in a position to have a "plain view” of the first gun and to discover the other evidence to which it led. (Cf. People v Spinelli, 35 NY2d 77.) Therefore, "to compel respect for the constitutional guaranty in the only effectively available way— by removing the incentive to disregard it” (Elkins v United States, 364 US 206, 217), the evidence should have been suppressed.
Accordingly, the order of the Appellate Division should be reversed and the indictment dismissed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur.
Order reversed, etc.