addressed to plaintiffs' firm's records should be granted. This, of course, is not to rule on any possible future subpoenas, each of which is to be examined on its own merits. Settle order forthwith. Concur—Markewich, J. P., Silverman, Capozzoli, Nunez and Yesawich, JJ.

### (June 8, 1976)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME M. DOWLING, Appellant.—Order, Supreme Court, Bronx County, entered on December 16, 1975, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Nunez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS E. QUIGLEY, Appellant.—Order, Supreme Court, Bronx County, entered on December 16, 1975, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Nunez, JJ.

■ LIPA SILBERSTEIN, on Behalf of Broadway Amsterdam Associates, Respondent, v DANIEL W. JOY, as Commissioner, Office of Rent Control, Department of Rent and Housing Maintenance of the City of New York, Appellant.—Judgment, Supreme Court, New York County, entered on June 24, 1975, unanimously affirmed for the reasons stated at Special Term, without costs and without disbursements. Concur—Stevens, P. J., Markewich, Murphy, Silverman and Yesawich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL GONZALEZ, Appellant.—Judgment, Supreme Court, Bronx County, rendered on July 2, 1975, unanimously reversed, on the law, and the indictment dismissed. (See *People v Allende,* 39 NY2d 474; *People v Ingle,* 36 NY2d 413.) Concur—Stevens, P. J., Markewich, Murphy, Silverman and Yesawich, JJ.

■ CITY COMMISSION ON HUMAN RIGHTS, Respondent, v INTERNATIONAL BROTHERHOOD OF TEAMSTERS UNION LOCAL 810 et al., Appellants.—Order, Supreme Court, New York County, entered on October 3, 1975, unanimously affirmed for the reasons stated by Hughes, J., at Special Term. Petitioner-respondent shall recover of respondents-appellants $40 costs and disbursements of this appeal. The appellants shall comply with the subpoena at the office of the petitioner on June 28, 1976. Concur—Stevens, P. J., Markewich, Murphy, Silverman and Yesawich, JJ.

■ MARGARET SOBOTKA, Respondent, v STEPHEN SOBOTKA, Appellant.— Order and judgment, Supreme Court, New York County, entered on July 3 and October 23, 1975, respectively, unanimously affirmed for the reasons stated by Myers, J., at Trial Term, without costs and without disbursements. Concur—Markewich, J. P., Silverman, Capozzoli, Nunez and Yesawich, JJ.

■ FRIGITEMP, INC., Respondent, v THERM-AIR MANUFACTURING CO. INC., Appellant.—Order, Supreme Court, New York County, entered on December 11, 1975, unanimously affirmed for the reasons stated by Frank, J., at Special Term, and that the respondent recover of the appellant $60 costs