■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARDO CASTRO, Appellant.—Judgment of the Supreme Court, Queens County, rendered April 6, 1976, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, Acting P. J., Cohalan, Damiani and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CURRY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 15, 1976, convicting him of attempted criminal possession of a dangerous weapon, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of defendant's motion to suppress certain physical evidence. Judgment reversed, on the law, motion to suppress granted, and indictment dismissed. The seizure objected to by the defendant cannot pass constitutional muster under *People v Cantor* (36 NY2d 106) and *People v Allende* (39 NY2d 474). Hopkins, Acting P. J., Cohalan, Damiani and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DWYER, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered September 5, 1975, convicting him of attempted burglary in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law and the facts, by reducing the conviction to one of trespass and vacating the sentence imposed. As so modified, judgment affirmed and case remitted to the County Court for resentence. The evidence that the defendant was attempting to unlawfully enter the supermarket with the intent to commit a crime therein was wholly circumstantial and insufficient, as a matter of law, to sustain the conviction. It cannot be said that the evidence "exclude[s] to a moral certainty every other hypothesis except that of the accused's guilt", or that "all of the circumstances [are] consistent with and point to the accused's guilt" (Richardson, Evidence [Prince, 10th ed], § 148). However, since the defendant took the stand and, in effect, admitted the commission of a trespass, we modify the judgment accordingly. We have considered the other contentions raised by defendant and find them to be without merit. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.