Memorandum. Order of the Appellate Division reversed, the motion to suppress granted, and the indictment dismissed. Connection with a rented automobile alone did not give the police sufficient cause to stop defendant. The use of the flashlight in the circumstances of this case which resulted in the discovery of the firearm and the drugs was an unwarranted intrusion into the interior of the vehicle. There was no basis for suspicion other than defendant’s prior presence in a rented car and his walking about the block. At best this gave the police by way of subjective "hunch” "cause” to investigate. Had it not been for the "hunch” the police would not have directed their attention to the interior of the car. They were not making a routine check of this or other parked cars, attended or unattended. Certainly, there was no inevitable discovery following a proper arrest, as in People v Fitzpatrick (32 NY2d 499, 506-507, cert den 414 US 1033), the authority cited by the Appellate Division for its affirmance. More applicable and precisely in point is People v Allende (39 NY2d 474), involving a seizure of a weapon in a parked automobile, except for the fact that in the Allende case the police approached defendant with drawn guns.