Meyer, J.
(concurring). Though I concur in the result, I am unable to accept the majority’s reasoning. I would hold that defendant’s reasonable expectation of privacy in the closed interior space of his suitcase was invaded by the use of a trained dog to detect the presence there of a controlled substance. Use of such a dog does not enhance any of the handler’s five senses in the same way that a searchlight or binoculars directly enhances the vision of the human user. I, therefore, cannot accept the analogy drawn by the majority, and in any event regard the cases relied upon as open to question in view of People v Smith (42 NY2d 961, 962 [use of flashlight may be an “unwarranted intrusion” into protected Fourth Amendment interests]) and United States v Taborda (635 F2d 131, 139); United States v Lace (502 F Supp 1021, 1041); United States v Kim (415 F Supp 1252 [telescope may not be relied upon as bringing into “plain view” items in the interior of an apartment]). In my view, the appropriate analogy is the use of a magnetometer, the metal detection device commonly employed to scan airline passengers and their luggage for weapons, which we have held to intrude on protected Fourth Amendment interests (People v Kuhn, 33 NY2d 203, 209), or, arguably, to the “spike mike” and other mechanical listening devices fixed to outside walls, held in Katz v United States (389 US 347); Clinton v Virginia (377 US 158) and Silverman v United States (365 US 505), to violate the Fourth Amendment (see 1 La Fave, Search & Seizure, §2.2, subd [f], p 284). In practical effect there is no difference between the emanations of odor sniffed by the dog and the sound vibrations sensed by such devices. Both originate from inside a private area and travel beyond its perimeters. But, like La Fave (id., p 288), I would hold that the lesser intrusion of the canine nose into the atmosphere surrounding the suitcases is permissible on the lesser basis of “reasonable suspicion.” In sum, there was a “search” within the purview of the Fourth Amendment but it was justified by reasonable suspicion which the Los Angeles officer clearly had in this case.
*566 Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler and Fuchsberg concur with Judge Jasen; Judge Meyer concurs in result in a separate opinion.
Order affirmed.