■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL F. GILBERT, Respondent.—Order unanimously reversed, on the law and facts, and motion denied. Memorandum: In granting the motion to suppress physical evidence, the court relied upon *People v Smith* (42 NY2d 961). In *People v Price* (54 NY2d 557, 563, n 3), the Court of Appeals explained its holding in *People v Smith (supra)*. It wrote: "We are not unmindful of our holding in *People v Smith* (42 NY2d 961) that the use of a flashlight constituted an unwarranted intrusion. The holding in that case, however, was based on the fact that the initial stop by the police of the defendant's car was unreasonable." Here, unlike the situation in *People v Smith (supra)*, there was no unlawful stop; the vehicle was parked when the police shined the flashlight through the window. Controlling is the case of *People v Miller* (43 NY2d 789, *affg on opn below* 52 AD2d 425), where a police officer shined his flashlight through the window of a parked automobile and observed a firearm on the front seat. The court held that there was no stop of the automobile and that use of the flashlight did not constitute a search within the meaning of

the 4th Amendment *(see also, Texas v Brown,* 460 US 730, 739-740; *People v Cruz,* 34 NY2d 362, 370). (Appeal from order of Supreme Court, Erie County, Ostrowski, J.—motion to suppress.) Present—Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.