■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MILTON I. THOMAS, JR., Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered June 26, 1986, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the fourth degree.

Following plea negotiations, defendant, a predicate felon, pleaded guilty to attempted criminal possession of a controlled substance in the fourth degree and the recommended prison sentence of 3½ to 7 years was imposed. The propriety of County Court's suppression motion ruling is at issue.

At about 2:00 A.M., on November 14, 1985, the car defendant was driving on the Thruway made a sudden lane change and, in doing so, came in close proximity to a State Police vehicle occupied by two troopers. Before undertaking to stop defendant, the troopers obtained a computer check of the vehicle's license which disclosed the license did not match the vehicle's description. Then, while in the process of pulling the car over, Trooper Robert Hayes observed the passenger in defendant's vehicle bending over doing something in the area of his feet, as if looking for or hiding an object there. Hayes and Trooper Anthony Barrera approached the occupants of the stopped car, which was illuminated by the red and white flashing lights of the troopers' vehicle and a high intensity beam aimed directly into the car. Barrera was securing license and registration information from defendant when Hayes, an officer with over 13 years of service and considerable training and experience in narcotics and marihuana detection and who was on the passenger side of the car, saw a clear cigarette wrapper on the dashboard; it appeared to him to contain a green, dry, vegetable matter. Using his flashlight, and now looking directly down through the windshield at a point located no more than a foot from the substance, he concluded by virtue of this enhanced viewing position, that the matter was marihuana. He also spied a white bottle cap on the floor of the car that had the telltale signs of use as a "cooker"—a device commonly used to dissolve cocaine or heroin—with a burned exterior.

Hayes then reached through the open passenger window, seized the wrapper, and ordered the passenger out of the car. Conscious of the passenger's movements as the car was halted and based on his prior experience, the officer, concerned the passenger may have secreted a dangerous instrument of some nature in his shoes, conducted a protective search of the passenger. The search yielded a hypodermic needle. At this point the passenger was placed under arrest and directed to

return to the car. In the course of doing so, the officer detected the passenger apparently attempting to kick or push an object under the seat. A search of the area for a weapon produced 58 glassine envelopes containing what appeared to be heroin or cocaine.

Defendant was issued traffic summonses and ultimately indicted for various drug-related offenses. When his motion to suppress narcotic substances and drug paraphernalia seized by the officers was denied, a plea was negotiated and the bargain struck. We affirm.

At the suppression hearing, Hayes testified without contradiction that after a lawful stop of the car he saw two items, the green vegetation and the "cooker" cap, in plain view, and concluded they were indicia of criminal activity. Both Federal and State decisional law permit seizure of articles which come into an officer's plain view from a lawfully obtained vantage point *(see, Coolidge v New Hampshire,* 403 US 443, 466; *People v Jackson,* 41 NY2d 146, 149-150). In determining whether the items are sufficiently indicative of criminality to warrant seizure, the applicable standard is that of probable cause, not the "immediately apparent" formulation of *Coolidge (see, Texas v Brown,* 460 US 730, 741-742).

Probable cause requires "not proof beyond a reasonable doubt or evidence sufficient to warrant a conviction * * * but merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed" *(People v McRay,* 51 NY2d 594, 602 [citations omitted]). Here, unlike *McRay,* relied upon by defendant, where the passing of transparent glassine envelopes was reviewed, the circumstances were more insidious, for what was observed was a translucent container *with* a greenish, dried vegetable matter within and a "cooker" cap. Since probable cause was established, the search was valid and suppression properly denied.

Judgment affirmed. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.