■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RUBIN ACKERLEY and STANLEY WITKOWSKI, Respondents.—Casey, J. P.

Shortly before midnight on January 15, 1986, two State Troopers, Steven Riordan and Hector Hernandez, while patrolling on State Route 17, observed two people in a parked car on the opposite shoulder of the highway. As the Troopers made a U-turn to approach this vehicle, it started up a steep grade at 35 miles per hour. Observing that the car weaved and crossed the white line onto the shoulder, the Troopers pulled the car over. Approaching the driver's side, Hernandez asked the driver, defendant Rubin Ackerley, if there were any problems. Ackerley replied that the car had started to overheat but the short stop had helped correct the condition. When he observed that the inspection sticker had expired, Hernandez asked Ackerley for his driver's license and the vehicle's registration. The license was produced directly. Then Ackerley reached over and opened the glove compartment to search for the registration. Riordan, who had positioned himself slightly behind the passenger's door, claims that he saw some "roaches" (marihuana cigarette butts) in the back of the glove compartment as it was opened. Riordan then motioned the

passenger, defendant Stanley Witkowski, out of the car, reached into the car and found several more roaches. When Riordan asked Witkowski if he had any more, Witkowski responded by handing Riordan an envelope containing cocaine. Witkowski was then placed under arrest, requested to empty his pockets, frisked and placed in the back seat of the police car. A second search of Witkowski revealed a quantity of mescaline.

At the suppression hearing, Witkowski contended that he was searched, arrested and put in the police car before Riordan discovered any marihuana. Hernandez heard Riordan order Witkowski from the car but did not know why. According to Witkowski, it was after he had been placed in the police car that Riordan showed Hernandez the narcotics which Riordan had found. This prompted Hernandez to place Ackerley under arrest for possession of narcotics. A search of Ackerley revealed cocaine. Ackerley was also placed in the back seat of the police car with Witkowski. At that time, defendants were read their *Miranda* rights and Riordan returned to defendants' car to continue searching. A tow truck was called to remove defendants' car and the two defendants were transported to the State Police barracks. Incriminating statements were made by defendants in addition to the statements made before their arrest and before they received the *Miranda* warnings.

Defendants were indicted for criminal possession of a controlled substance in the third degree. After the suppression hearing, County Court concluded that the Troopers did not have probable cause to arrest defendants and suppressed all the evidence seized and the statements made. This determination was based on County Court's conclusion that since the glove compartment of defendants' car had no light, it was impossible, in the dark, for Riordan to have seen the roaches. Lacking probable cause to arrest Witkowski, and because Hernandez arrested Ackerley based on Riordan having found narcotics, Ackerley's arrest also lacked the required probable cause. From this determination the People appeal.

In our opinion, County Court's conclusion that the Troopers lacked probable cause to arrest defendants, thereby requiring suppression of the physical evidence and statements obtained from defendants, is amply supported by the evidence adduced at the hearing and should be affirmed *(see, People v Dodt,* 61 NY2d 408). The assessment of the evidence by County Court and the credibility of the police officers are within the province of County Court and its determination in this case is

clearly not against the weight of the evidence *(see, People v Mendez,* 75 AD2d 400; *cf., People v Lopez,* 95 AD2d 241). The critical finding is that Riordan's testimony was not credible and this finding is supported by the fact that the glove compartment was not lighted. The legality of other evidence obtained and defendants' statements depend directly on whether Riordan, from his position outside the car, could see the roaches within the glove compartment when it was opened by Ackerley in his search for the registration. If the roaches were not visible to Riordan, there would be no probable cause to arrest defendants without a warrant and the evidence subsequently obtained from such an illegal arrest must be suppressed *(cf., People v Vereb,* 122 AD2d 897).

Having so determined, there is no reason to consider the question of whether the initial stop of defendants' car was legal. The order of County Court should be affirmed.

Order affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.