■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY BRANDON, Appellant.—Judgment unanimously reversed on the law, defendant's motion to suppress granted and new trial granted. Memorandum: Defendant moved to suppress evidence taken from him in a pat-down search. Following a suppression hearing, the court found that a Rochester police officer was told by two unidentified citizens that a stabbing had occurred on Melbourne Street; that the officer proceeded to Melbourne Street where he saw several people, including employees from a nearby supermarket, surrounding the defendant; that defendant immediately approached the officer and asked for help because "he was about to be hurt"; that the officer "directed the defendant toward his [police] car, but patted down the defendant because he pats down anyone who enters his car and because he observed a bulge in the defendant's sweatshirt"; that the search of defendant produced packages of batteries and men's underwear; and that

shortly thereafter the officer was informed by the store manager that defendant had just robbed the supermarket.

The suppression court made no specific finding concerning the lawfulness of the pat-down search when made. Instead, the court found that upon hearing from the store manager "shortly after the pat-down" that defendant had robbed the supermarket, "the police officer would have had not only reason to pat down the defendant but to conduct a search of the defendant incident to a lawful arrest." Applying the doctrine of inevitable discovery (see, People v Fitzpatrick, 32 NY2d 499, cert denied 414 US 1033), the court concluded that suppression of the batteries and underwear should be denied because "the stolen items would inevitably have been discovered by the search of the defendant after his lawful arrest." This was error. The inevitable discovery rule may not be applied where, as here, "the evidence sought to be suppressed is the very evidence obtained in the illegal search" (People v Stith, 69 NY2d 313, 318).

The evidence must be suppressed because the pat-down search was illegal. The record fails to support a finding that the police officer reasonably suspected that defendant had committed a crime (see, CPL 140.50 [1]) and it is not demonstrated that the officer reasonably suspected that he was in danger of physical injury (see, CPL 140.50 [3]). (Appeal from judgment of Supreme Court, Monroe County, Corning J.— robbery, second degree; assault, second degree.) Present—Dillon, P. J., Callahan, Green, Pine and Lawton, JJ.