■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WOLF, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered May 12, 1987, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

At approximately 1:30 A.M. on August 31, 1987, Greene County Deputy Sheriff Wayne Lasher and his partner stopped defendant's vehicle in the Village of Coxsackie, Greene County. The admittedly proper stop was made on grounds of excessive speeds up to 60 to 70 miles per hour in a 30-miles-per-hour zone and erratic driving, which led Lasher to suspect alcohol involvement. Immediately after defendant pulled over, a second police vehicle assisting in the chase arrived at the scene. While defendant was producing his license, registration and insurance card, Lasher observed that defendant's eyes

appeared glassy. From the other side of the vehicle, Lasher's partner observed a goblet-like glass on the floor and informed Lasher. In turning his attention and flashlight to the glass, Lasher observed an open paper bag on the floor on the driver's side of the hump in which were visible plastic baggies containing white powder and glassine envelopes. Defendant was asked to step out of the vehicle and Lasher reached in and removed the bag. Defendant's challenge to the legality of the search and seizure was denied after a suppression hearing. Defendant subsequently pleaded guilty to criminal possession of a controlled substance in the third degree, specifically reserving his right to this appeal.

Defendant contends that Lasher's testimony describing his observations was neither credible nor supported by the facts. Specifically, he argues that Lasher could not observe the contents of the paper bag from his position outside the stopped car, and that the presence of that bag and its contents was innocuous and legally insufficient to justify the search (*see, People v Knight,* 138 AD2d 294, 298, *appeal dismissed* 73 NY2d 992). Thus, defendant contends that the "plain view" test could not possibly have been satisfied (*see, Coolidge v New Hampshire,* 403 US 443, 465; *People v Thomas,* 125 AD2d 895, 897). We disagree.

Defendant was pulled over and stopped for what must be characterized as serious traffic offenses. The Deputy Sheriffs were justified in the minimal intrusion of shining their flashlights about the interior of the vehicle (*see, People v Cruz,* 34 NY2d 362, 370, *amended* 35 NY2d 708; *People v Baldanza,* 138 AD2d 722, 724, *lv denied* 72 NY2d 856), particularly that area immediately adjacent to the occupant. The baggies with white powder and glassine envelopes observed by Lasher were the "hallmark" of drug activity, and provided probable cause for the police to believe that a crime was being committed (*see, People v McRay,* 51 NY2d 594, 602, 603-604, 605; *People v Cox,* 28 NY2d 752, 754; *People v Baldanza, supra,* at 723-724; *People v Thomas, supra,* at 897). Moreover, based on his training and professional experience, Lasher reasonably believed the substance he observed to be cocaine.

Whether the officer could physically see that to which he testified, or, conversely, whether defendant's testimony that the paper bag was closed, simply presented credibility issues for assessment by the suppression court which was in a superior position to view the witnesses and weigh their testimony (*see, People v Ackerley,* 140 AD2d 806, 807-808; *People v Mendez,* 75 AD2d 400, 404). Where, as here, the factual

findings are supported by the weight of the evidence, we will not set such determination aside. We reject defendant's contention that the testimony of the police at the suppression hearing was incredible as a matter of law and was tailored to meet constitutional objections *(see, People v Baldanza, supra,* at 724).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.