■ The People of the State of New York, Respondent, v Timothy Scott, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal possession of a controlled substance in the third degree, defendant challenges the court's denial of his motion to suppress evidence. We conclude that defendant's Fourth Amendment rights were not violated by the stop of a vehicle in which defendant was riding. The initial stop of the vehicle was justified by the driver's running of a red light *(People v Ingle,* 36 NY2d 413). Further, the testimony shows that the detention of the driver and passengers was no longer than necessary to cite the driver for the traffic violation. While the traffic ticket was being written, drugs were discovered. In any event, the brief detention of the suspects was justified because the officers had a founded suspicion that criminal activity was afoot. The vehicle matched the report of a stolen vehicle, and the drugs were discovered before the officers learned that the vehicle had not been stolen. Moreover, the level of suspicion was heightened by the suspects' furtive and nervous movements when they saw the officers following them. Thus, the brief detention of the suspects was justified in its inception

and reasonable in its scope, intensity and duration. The officers' use of a flashlight to illuminate the interior of the vehicle did not constitute a search within the meaning of the Fourth Amendment *(Texas v Brown,* 460 US 730, 739-740; *People v Gilbert,* 115 AD2d 303; *People v Miller,* 52 AD2d 425, *affd on opn below* 43 NY2d 789). (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—criminal possession of controlled substance, third degree.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.