■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON GROVNER, Appellant.—Judgment unanimously reversed on the law, motion granted and indictment dismissed. Memorandum: The police had information that a man named Arthur King, for whom an arrest warrant for assault was outstanding, was known to drive a 1979 blue Cadillac bearing a particular New York State registration plate. Defendant was the registered owner of the vehicle and was driving it on May 15, 1989, when he was stopped by the police and ordered from the car. King was not in the vehicle. While questioning defendant, one of the officers directed his flashlight inside the car and observed a small manila envelope on the floor of the front seat area. He retrieved the envelope, opened it and observed therein a greenish-brown plant-like material. A field test revealed that the substance was marihuana. After defendant was arrested for possession of marihuana, the officers searched the vehicle and seized from under the driver's seat a paper bag containing cocaine and additional quantities of marihuana.

The court denied defendant's motion to suppress the seized drugs. The jury convicted defendant of criminal possession of

a controlled substance in the third degree (Penal Law § 220.16 [1]) and unlawful possession of marihuana (Penal Law § 221.05). On appeal, defendant concedes that the police were justified in stopping the vehicle and making inquiry of him. He contends, however, that the seizure of the manila envelope containing marihuana was unlawful, and we agree.

The "plain view" exception to the warrant requirement permits the seizure of articles which come into an officer's plain view from a lawfully obtained vantage point, provided that "there is probable cause to associate the property with criminal activity" *(Payton v New York,* 445 US 573, 587; *see also, Texas v Brown,* 460 US 730; *People v Thomas,* 125 AD2d 895).

Here, the officer's observation of a small manila envelope on the floor of the vehicle was insufficient to establish the requisite probable cause. Although the officer testified that he had previously seen marihuana and cocaine packaged in such envelopes, the Court of Appeals has stated that "testimony concerning the use of these common envelopes for marijuana does not raise the level of inference from suspicion to probable cause" *(People v Corrado,* 22 NY2d 308, 313, *rearg denied* 23 NY2d 921). There can be no doubt that the envelope observed here could have contained any number of noncontraband items. We conclude, therefore, that when the envelope was seized, the officer had insufficient information to "lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed" *(People v McRay,* 51 NY2d 594, 602). Since defendant was unlawfully arrested for possession of marihuana, the search of the passenger compartment of the vehicle and the seizure of cocaine and additional marihuana was also impermissible *(cf., People v Belton,* 55 NY2d 49, *rearg denied* 56 NY2d 646).

Finally, we note that the suppression court erroneously applied the doctrine of inevitable discovery to justify the seizure of the cocaine and additional marihuana. "The inevitable discovery rule may not be applied where, as here, 'the evidence sought to be suppressed is the very evidence obtained in the illegal search' *(People v Stith,* 69 NY2d 313, 318)." *(People v Brandon,* 149 AD2d 907, 908, *lv denied* 74 NY2d 736.) (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Dillon, P. J., Boomer, Green, Balio and Davis, JJ.