■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT P. RIEFLER, Appellant. [602 NYS2d 574] —Judgment unanimously affirmed. Memorandum: The suppression court did not abuse its discretion in denying defendant's motion to reopen the suppression hearing (see, People v Hults, 150 AD2d 726, 727, affd 76 NY2d 190; see also, CPL 710.40 [4]; People v Grosfeld, 58 NY2d 887, 888).

We reject defendant's contention that the warrantless search of the trunk of his car, including the closed containers located therein, was illegal. The suppression court properly concluded that the search was authorized under the automobile exception to the warrant requirement (see, People v Blasich, 73 NY2d 673, 677-679; People v Langen, 60 NY2d 170, 181, cert denied 465 US 1028; People v Belton, 55 NY2d 49, 53-55, rearg denied 56 NY2d 646; People v King, 193 AD2d 1075; People v Carey, 178 AD2d 992; People v Miller, 177 AD2d 989, 990).

Defendant's argument that the security officer's use of a flashlight to illuminate the interior of his car constituted an illegal search is not before us because that argument was not advanced before the suppression court (see, People v Burgess, 168 AD2d 685, 686). In any event, it lacks merit. It is well settled that "the officers' use of a flashlight to illuminate the interior of the vehicle [does] not constitute a search within the meaning of the Fourth Amendment" (People v Scott, 166 AD2d 919, 920, lv denied 77 NY2d 911; see, Texas v Brown, 460 US 730, 739-740; People v Smith, 42 NY2d 961, 963). (Appeal from Judgment of Genesee County Court, Morton, J. —Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Lawton, Boomer and Davis, JJ.