■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WALKER, Appellant. [605 NYS2d 726] —Judgment unanimously reversed on the law, motion granted and new trial granted. Memorandum: Defendant's conviction must be

reversed because County Court's reasonable doubt instruction to the jury unconstitutionally diminished the People's burden of proof and deprived defendant of his Fifth Amendment right to a verdict of guilt beyond a reasonable doubt *(see, People v Brinson,* 195 AD2d 966; *People v Melito,* 195 AD2d 1014; *People v Sneed,* 193 AD2d 1139; *see also, Sullivan v Louisiana,* 508 US —, 113 S Ct 2078).

We also conclude that County Court erred in failing to grant in its entirety defendant's motion to suppress. The testimony at the suppression hearing revealed that Officer Weigel of the Niagara Falls Police Department stopped a vehicle being driven by Christopher Walker at approximately 11:00 P.M. on October 17, 1991. The officer stopped the vehicle because the driver was not wearing his safety belt. Tracy Walker and Aaron Stewart were passengers in the vehicle. After the vehicle was stopped, Detectives Donner and Conte arrived. During the course of the stop, Weigel learned that Christopher Walker's license had been suspended and placed him in the back of her patrol car to write him a summons for the traffic infractions. At that time Tracy Walker and Aaron Stewart were also outside the vehicle. Detective Donner, who was standing next to the driver's side door, then reached into the vehicle and removed a necklace from the floor in front of the back seat. Donner walked around to the passenger side and observed a Gold Star VCR remote on the front seat and other jewelry on the floor of the vehicle. On cross-examination, Donner testified that, upon observing the remote, he immediately reached into the car and seized it. On redirect, however, Donner testified that he did not know if he removed the remote at that time or after his subsequent conversation with Officer Weigel. During that conversation, Weigel was apprised by Donner that a Gold Star VCR remote and jewelry were found in the car. Weigel advised Donner that earlier that evening she had investigated a burglary in that area where jewelry, a Gold Star VCR and remote had been taken. Donner returned to the vehicle and searched its passenger compartment. During that search, additional jewelry was seized and the back seat of the car collapsed exposing a Gold Star VCR and Yamaha keyboard, which were subsequently seized. All the items seized from the vehicle were identified by the burglary victims as having been stolen from their home.

Defendant moved to suppress the items seized from the car on the grounds that the necklace and Gold Star VCR remote were seized without probable cause and that the remaining

property was fruit of the poisonous tree. County Court granted defendant's motion to suppress the necklace, but denied defendant's motion to suppress the other items. That was error. The Gold Star VCR remote was non-contraband evidence not associated with criminal activity and, therefore, could not be seized under the plain view exception to the warrant requirement *(see, Texas v Brown,* 460 US 730; *People v Grovner,* 172 AD2d 1035). Additionally, there was no basis under the search incident to arrest exception to the warrant requirements to support Donner's intrusion into the passenger compartment of the vehicle and seizure of the remote *(see, People v Torres,* 74 NY2d 224; *People v Belton,* 50 NY2d 447, 450). The search of the vehicle and seizure of the VCR remote, therefore, can be justified only if the police had probable cause to believe that the vehicle contained evidence of a crime *(see, People v Blasich,* 73 NY2d 673; *People v Belton,* 55 NY2d 49, 53-55).

Because the warrantless police intrusion was presumptively unreasonable, the burden was on the People to establish justification for that intrusion *(see generally, People v Knapp,* 52 NY2d 689, 694; *People v Calhoun,* 49 NY2d 398, 402). The People contend that Donner was justified in seizing the VCR remote because he had received information from Officer Weigel that provided probable cause to believe that the VCR remote was one of the items stolen in the burglary. The record, however, establishes at most that Donner could not remember whether he seized the VCR remote before or after Weigel advised him of the burglary. That equivocal testimony is insufficient to meet the People's burden of establishing justification for the warrantless intrusion and, therefore, it was error to deny defendant's motion to suppress the Gold Star VCR remote *(see, People v Pettinato,* 69 NY2d 653).

We further conclude that the remaining evidence seized from the vehicle must be suppressed as tainted " 'fruit of the poisonous tree' " *(Wong Sun v United States,* 371 US 471, 488; *see, Silverthorne Lbr. Co. v United States,* 251 US 385). The inevitable discovery rule cannot be used to avoid suppression because the evidence was obtained as the immediate consequence of the challenged police conduct *(see, People v Stith,* 69 NY2d 313, 318; *see also, People v Parris,* 136 AD2d 882, 884, *lv dismissed* 71 NY2d 1031; *People v King,* 117 AD2d 1007). Additionally, that rule is inapplicable because the testimony at the suppression hearing did not establish to "a very high degree of probability that the evidence in question would have been obtained independently of the tainted source" *(People v Payton,* 45 NY2d 300, 313, *revd on other grounds* 445 US 573,

*on remand* 51 NY2d 169). No evidence was presented by the People that, irrespective of the initial illegality, the items seized would have been discovered through routine police procedure *(cf., Nix v Williams,* 467 US 431; *People v Payton, supra; People v Watson,* 188 AD2d 501, 502; *People v Dempsey,* 177 AD2d 1018, 1019, *lv denied* 79 NY2d 946). Rather, the record establishes that the seizures resulted either from Weigel's fortuitously having overheard Donner's statement regarding a Gold Star VCR remote in the vehicle or from his having displayed the necklace to Weigel and having told her about the remote. The People, therefore, failed to establish to a very high degree of probability through evidence of routine police procedure or other evidence that, irrespective of Donner's improper seizure of the necklace and VCR remote from the vehicle, the remaining items would inevitably have been discovered *(see, e.g., People v Parris, supra; People v Bookless,* 120 AD2d 950, *lv denied* 68 NY2d 767; *People v King,* 117 AD2d 1007, 1008-1009).

Defendant's remaining contention has not been preserved for our review *(see,* CPL 470.05 [2]) and we decline to reach it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6]). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Doerr and Boehm, JJ.