■ The People of the State of New York, Respondent, v Jerry Wiesmore, Appellant. [613 NYS2d 74] —Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). We also find no merit to the contention of defendant that the police illegally searched his truck. The officers' discovery of a rifle in defendant's pickup truck by using a flashlight to illuminate its interior did not constitute a search within the meaning of the Fourth Amendment *(see, People v Scott,* 166 AD2d 919, 920, *lv denied* 77 NY2d 911; *People v Gilbert,* 115 AD2d 303). We agree with defendant, however, that the suppression court erred in failing to grant his motion to suppress his statements at police headquarters on September 20 and 21, 1987.

On September 20th at 3:15 A.M., the police responded to a call regarding gunfire at 306 Cable Street. Upon arriving at the scene, Officer Korzaniewski discovered defendant pounding on the side door of the residence. The officer questioned defendant concerning his actions. Defendant responded that he had received a call from Cathy Jablonski advising him that there was a prowler near her home. Defendant told the officer that, after the call, he immediately drove over and arrived just moments before the police. Because the police received a transmission concerning gunfire at the residence and discovered defendant pounding on the side door of the residence in the early morning hours, they had founded suspicion that criminal activity was afoot, thus authorizing them to question defendant to obtain explanatory information concerning his

presence. Consequently, defendant's statements to the police in response to that questioning are admissible *(see generally, People v De Bour,* 40 NY2d 210, 223; *People v Cantor,* 36 NY2d 106, 114).

Officer Korzaniewski requested Officer Williams to stay with defendant while he entered the residence. Korzaniewski discovered the body of Mark Jablonski lying on the couch. Jablonski had been shot in the head several times. After leaving the residence, Korzaniewski questioned defendant, who reiterated his previous statement. Defendant also stated that he owned the pickup truck parked near the residence. Korzaniewski told Officer Williams to detain defendant. Williams advised defendant that he was being detained and that he was not free to leave the yard. When defendant asked permission to go to his truck, Williams refused. Officer Korzaniewski continued his investigation and discovered that the hood of defendant's pickup truck was cool. He also observed the butt of a rifle protruding from behind the seat of the pickup truck when he illuminated its interior with his flashlight.

Detective Frank arrived on the scene and was advised that there was a possible homicide and that a rifle had been observed in defendant's pickup truck. Frank questioned defendant concerning his knowledge of the possible homicide and his presence at the scene. Defendant told Frank that he had arrived shortly before the police and that he came to the Jablonski residence in response to a call he received from Cathy Jablonski. Frank informed defendant that the police had discovered a small caliber rifle in a truck parked across the street. Defendant stated that the truck was his and that the rifle belonged to his family. When Frank asked defendant if the police could remove the rifle from his truck, defendant refused. Frank advised defendant that he was being treated as a potential suspect and asked him to come to police headquarters for questioning. Defendant agreed. Defendant was escorted by two police officers toward a police car and an officer opened the back door. Instead of entering the police car, defendant walked past the car toward his truck. The officers then seized defendant by the arms and forcibly placed him in the police car and transported him to headquarters.

Because the police had reasonable suspicion that defendant had committed a crime, they were authorized to detain him forcibly at the scene *(see,* CPL 140.50 [1]; *see also, Terry v Ohio,* 392 US 1; *People v De Bour, supra).* Moreover, the police interrogation of defendant during his forcible detention at the

scene was permissible without giving him his *Miranda* warnings *(see, People v Bennett,* 70 NY2d 891, 893-894). Thus, the suppression court properly denied defendant's request to suppress the statements defendant made to the police at the scene of the homicide.

When defendant refused to enter the police car voluntarily and was forcibly placed in the car and transported by the police to headquarters for questioning, his forcible detention ripened into custody *(see generally, Hayes v Florida,* 470 US 811; *Florida v Royer,* 460 US 491; *Dunaway v New York,* 442 US 200; *Davis v Mississippi,* 394 US 721; *United States v Baron,* 860 F2d 911, *cert denied* 490 US 1040). Moreover, because defendant was advised by the police that he was a potential suspect, that he was being detained, that he was not to leave the yard, and that he could not go to his truck, and because the police forcibly seized and transported him to the police station, no reasonable person, innocent of any crime, would have felt free to leave *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Bookless,* 120 AD2d 950, *lv denied* 68 NY2d 767; *People v Wroblewski,* 109 AD2d 39, *affd* 67 NY2d 933, *cert denied* 479 US 845). Indeed, although defendant indicated his willingness to go to headquarters, his unwillingness to enter the police car, requiring the police to seize him forcibly and place him in the police car and transport him to headquarters, established that he was going with the police whether he wanted to or not *(see, People v Wroblewski, supra).*

At headquarters, Detective Suszek questioned defendant about his involvement in the homicide without giving him his *Miranda* warnings. Because defendant was in custody when he was transported to the police station, his statement to Detective Suszek, which was made without *Miranda* warnings, should have been suppressed. Detective Frank subsequently arrived at headquarters, advised defendant of his *Miranda* warnings and questioned him. We conclude that defendant's statement to Frank should also have been suppressed because it was the product of an arrest without probable cause. Defendant's presence at the Jablonski residence when the police arrived and the existence of a weapon in defendant's truck are as consistent with innocence as with culpability and, therefore, those facts are insufficient to support a finding of probable cause *(see, People v De Bour,* 40 NY2d 210, *supra; People v Bronston,* 113 AD2d 627, *affd* 68 NY2d 880; *see generally, People v Martin,* 32 NY2d 123; *People v Corrado,* 22 NY2d 308).

Detective Frank's questioning of defendant ceased when defendant indicated that he did not wish to continue talking until after he had contacted an attorney. After defendant was released, he was discovered the next day at the murder scene and was arrested for obstructing governmental administration. At police headquarters, defendant was advised of his rights and questioned concerning his involvement in the homicide. Defendant reiterated his earlier statements. Because defendant had already requested the assistance of counsel during a prior custodial interrogation concerning the homicide, his indelible right to counsel attached and his waiver of that right in the absence of counsel was invalid (see, People v Lucas, 53 NY2d 678, 679-680; People v Cunningham, 49 NY2d 203, 209-210). Defendant's statements at police headquarters on September 21st also should have been suppressed.

Although we conclude that the suppression court erred in denying the motion to suppress defendant's statements at the police station on September 20 and 21, 1987, we conclude that the error is harmless. The evidence against defendant is overwhelming and the erroneously admitted statements are exculpatory and mere reiterations of the earlier admissible statements to the police. Given those circumstances, there is no reasonable possibility that the erroneous introduction of defendant's statements contributed to defendant's conviction (see, People v Almestica, 42 NY2d 222, 224; People v Crimmins, 36 NY2d 230, 237).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Erie County Court, McCarthy, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.