■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD PRATT, Appellant. [616 NYS2d 29] —Judgment, Supreme Court, Bronx County (Ira Globerman, J., at *Mapp*

hearing; William C. Donnino, J., at jury trial and sentence) rendered February 24, 1992 convicting defendant of criminal possession of a weapon in the third degree and sentencing him to a prison term of one year, unanimously affirmed.

In light of the great weight accorded to the determination of the hearing court, which saw and heard the sole witness, a police officer, who testified at the suppression hearing *(People v Prochilo,* 41 NY2d 759, 761) we find that the hearing court, upon crediting that testimony, properly denied suppression of the guns recovered from the van. In response to an anonymous 911 call of "men with guns in a white van" in the area of 1153 Boston Road, during the evening hours of May 4, 1990, the uniformed officer and his partner properly approached the only parked white van in the area in furtherance of the common law right of inquiry *(see, People v Chin,* 192 AD2d 413, *lv denied* 81 NY2d 1071). Upon not seeing anyone seated in the front, the officer used his flashlight to illuminate the interior of the van, an act which does not constitute a search within the Fourth Amendment *(People v Riefler,* 195 AD2d 1024, *lv denied* 82 NY2d 725). Upon observing the defendant lying face down on the back floor of the van with his head towards the passenger side, the officer properly asked said occupant to open the door, in furtherance of his right to inquire and as a safety precaution. When defendant complied, the officer observed a gun on the floor of the van adjacent to the passenger door. Since the gun was in plain view of the officer, suppression was properly denied. *(People v McFadden,* 194 AD2d 567, *lv denied* 82 NY2d 756; *People v Sanchez,* 192 AD2d 562, *lv dismissed* 82 NY2d 759.)

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Contes,* 60 NY2d 620), defendant's guilt was proven beyond a reasonable doubt and is not against the weight of the evidence. *(People v Bleakley,* 69 NY2d 490.)* The statutory presumption (Penal Law § 265.15 [3]) was rationally applicable herein given defendant's presence in the van and the accessibility of the contraband to him. *(People v Warrington,* 192 AD2d 735, *lv denied* 82 NY2d 760; *People v Tutt,* 194 AD2d 575, *lv denied* 82 NY2d 760.) Concur—Sullivan, J. P., Carro, Ellerin, Asch and Tom, JJ.