THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARY BURTON, Appellant. [626 NYS2d 918] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Steuben County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree and petit larceny arising out of his illegal entry into the home of a motel operator and his theft of $110 therefrom. Defendant was sentenced as a predicate felon to imprisonment of 3 to 6 years on the burglary, but the court failed to impose a sentence on the petit larceny. Defendant contends that certain statements were obtained from him in violation of his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436) and thus should have been suppressed; that the verdict is against the weight of the evidence; and that, because the court failed to impose a sentence for petit larceny, that charge should be dismissed in the interest of justice.

"Because County Court failed to pronounce sentence on each crime for which defendant was found guilty, the matter must be remitted for resentencing on those counts for which

no sentence was imposed *(see,* CPL 380.20; *People v Charles,* 98 AD2d 780; *People v Green,* 61 AD2d 1138)" *(People v Daniels,* 202 AD2d 987).* The judgment is modified and the matter remitted to Steuben County Court accordingly.

We reject defendant's remaining contentions. The statements of defendant were not obtained in violation of his *Miranda* rights. The record establishes that the police had reasonable suspicion that defendant had committed a crime and thus were authorized to detain him *(see,* CPL 140.50 [1]; *Terry v Ohio,* 392 US 1; *People v De Bour,* 40 NY2d 210, 223). At the time of his detention, defendant was not, as a matter of law, in custody for *Miranda* purposes *(see, People v Bennett,* 70 NY2d 891, 893-894; *People v Wiesmore,* 204 AD2d 1003, 1004-1005, *lv denied* 84 NY2d 873). Thus, the suppression court properly denied defendant's request to suppress the statements made during the stop *(see, People v Wiesmore, supra).* The statements made by defendant after his arrest were preceded by *Miranda* warnings. Thus, suppression of those statements was properly denied by the court.

The verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). Defendant matched the descriptions of the burglar as a black male wearing a Stetson hat and fleeing the burglary scene on a red bicycle, he was captured shortly after the crime while in constructive possession of the money, and he made several incriminating statements. (Appeal from Judgment of Steuben County Court, Scudder, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.