■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN VAZQUEZ, Appellant. [645 NYS2d 672] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's motion to suppress physical evidence seized from defendant's vehicle and residence. Contrary to defendant's contention, we conclude that the court properly found that the officer's use of a flashlight to illuminate the interior of defendant's vehicle did not constitute a search within the meaning of the Fourth Amendment (*see, People v Wiesmore,* 204 AD2d 873, *lv denied* 84 NY2d 873; *People v Scott,* 166 AD2d 919, 920, *lv denied* 77 NY2d 911; *People v Gilbert,* 115 AD2d 303; *see also, Texas v Brown,* 460 US 730, 739-740). Upon illuminating the interior of defendant's vehicle, the officer observed, in plain view on the floor behind the front passenger seat, a "black block type" package wrapped in black plastic. The officer testified that one corner of the package had a "tear" or "window" through which he observed a "white substance". Based upon his training and experience in investigating narcotics trafficking as a member of the Canine Unit, the officer concluded that the package contained cocaine. Under the circumstances of this case, the officer had probable cause to believe that defendant was in possession of cocaine and he had probable cause to arrest defendant and seize the cocaine (*see, People v Thomas,* 125 AD2d 895, 897; *cf., People v Grovner,* 172 AD2d 1035, 1036).

The record additionally supports the court's conclusion that defendant thereafter "consented to search both addresses on Edgecreek Trail and placed no limitations on the scope of the search" (*see, People v Mitchell*, 211 AD2d 553, *lv denied* 86 NY2d 738; *People v Estrella*, 160 AD2d 250, *lv denied* 76 NY2d 787). Lastly, we conclude that the court properly denied defendant's motion to reopen the suppression hearing because defendant failed to make the required showing that "additional pertinent facts have been discovered by the defendant which he could not have discovered with reasonable diligence before the determination of the motion" (CPL 710.40 [4]). The fact that defendant would have testified at the second hearing is insufficient to entitle him to that relief (*see, People v Fuentes*, 74 AD2d 753, 754, *affd* 53 NY2d 892). The record does not support defendant's contention that the court was unaware of its discretionary power pursuant to CPL 710.40 (4) to reopen the suppression hearing. (Appeal from Judgment of Monroe County Court, Connell, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Pine, J. P., Fallon, Doerr, Davis and Boehm, JJ.