THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER J. MOLNAR, Appellant. [732 NYS2d 788] —Judgment affirmed. Memorandum: Supreme Court properly determined that the warrantless entry into defendant's apartment by the police in response to a foul odor emanating from it was justified under the emergency exception to the search warrant requirement (*see, People v Mitchell,* 39 NY2d 173, 177-178, *cert denied* 426 US 953; *see also, Mincey v Arizona,* 437 US 385, 392-393). A tenant in the building called 911 to report a foul odor coming from the apartment below her apartment. Police officers responding to the call detected a foul odor unlike anything they had previously experienced, which necessitated the use of charcoal masks. Although the officers did not immediately recognize the odor as that of a decomposing body, their actions were consistent with the perception of an emergency. They spoke to other tenants, contacted maintenance and tried to communicate with the tenant of the subject apartment. They learned that the tenant had not been seen and that previous attempts to contact the tenant had been unsuccessful. They further learned that the odor had been pervasive throughout the apartment building for at least two days and was so foul that at least one tenant in the building had to spend the previous night elsewhere. At that point, they forcibly entered the apartment to discover the source of the odor and to render aid if necessary. They traced the odor to a closet, where a decomposing body was found.

We conclude that "the very uncertainty created by the totality of circumstances created a justification and need for the police to take immediate action" (*People v McGee,* 140 Ill App 3d 677, 681, 489 NE2d 439, 442). *People v Gallmon* (19 NY2d 389, 394, *rearg denied* 20 NY2d 758, *cert denied* 390 US 911) recognized the duty of police "to resolve the causes of unusual sounds suggesting harm to persons, animals and property." It was the duty of the police here to resolve the source of the noxious odor "suggesting harm" to the person or persons inside defendant's apartment (*People v Gallmon, supra,* at 394; *see, People v McGee, supra,* 140 Ill App 3d, at 681-682, 489 NE2d, at 442-443; *see also, United States v Presler,* 610 F2d 1206, 1209-1211 [4th Cir]; *State v Russell,* 127 Ohio App 3d 414, 419, 713 NE2d 56, 59; *State v Scott,* 343 NC 313, 326-329, 471 SE2d

605, 613-615; *State v Epperson,* 571 SW2d 260, 264 [Mo], *cert denied* 442 US 909; *see generally,* 3 LaFave, Search and Seizure § 6.6 [a] [3d ed]). Contrary to defendant's contention, *People v Pereyda* (NYLJ, Sept. 24, 1993, at 22, col 6, at 23, col 1 [Sup Ct, NY County]) is distinguishable because the police in that case "received no information to encourage their suspicion of a decomposing corpse nor did they attempt to investigate that possibility."

The police were not motivated by an intent to arrest the tenant or to seize evidence from the apartment. In addition, because the odor was emanating from the apartment, and in particular the closet where the body was found, the emergency was associated with the limited area searched. Thus, the court properly denied that part of defendant's motion seeking suppression of the body found in the closet (*see, People v Mitchell, supra,* at 177-180).

Finally, we reject defendant's contention that the verdict is against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495) and we conclude that the sentence is not unduly harsh or severe.

All concur except Green, J., who dissents and votes to reverse in the following Memorandum.

Green, J. (dissenting). I respectfully dissent. "[O]ur Constitutions accord special protection to a person's expectation of privacy in his own home" (*People v Knapp,* 52 NY2d 689, 694, citing NY Const, art I, § 12 and US Const 4th, 14th Amends). The warrantless intrusion by the police into defendant's apartment was presumptively unreasonable and unconstitutional unless it was justified by a recognized exception to the warrant requirement (*see, People v Knapp, supra,* at 694; *People v Walker,* 198 AD2d 785, 787). Contrary to the majority, I do not believe that the police action was justified under the emergency exception to the warrant requirement. That exception "sanctions warrantless searches and seizures only in limited circumstances presenting an immediate danger to life or property" (*People v Guins,* 165 AD2d 549, 552, *lv denied* 78 NY2d 1076). The most fundamental element of the exception is that "[t]he police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property" (*People v Mitchell,* 39 NY2d 173, 177, *cert denied* 426 US 953). In this case, there was no emergency or immediate need for action by the police. The officer who responded to the 911 call recognized the odor emanating from defendant's apartment only as "something rotten." She was not aware of any prior police calls to the apart-

ment or reports of loud noises, calls for help or missing persons (*cf., People v Mitchell, supra; People v Paez,* 202 AD2d 239, *lv denied* 84 NY2d 871). Nor was there testimony at the suppression hearing that the officer believed that there was anything about the odor "suggesting harm to persons" inside the apartment (*People v Gallmon,* 19 NY2d 389, 394, *rearg denied* 20 NY2d 758, *cert denied* 390 US 911). The sole basis for the warrantless entry into defendant's apartment was an unidentified foul odor. An unidentified foul odor simply does not support a reasonable belief that an emergency exists or that anyone is in immediate need of police assistance (*see, People v Pereyda,* NYLJ, Sept. 24, 1993, at 22, col 6 [Sup Ct, NY County]). Thus, I would reverse the judgment of conviction, grant the motion of defendant to suppress items of physical evidence seized from his apartment and grant a new trial. (Appeal from Judgment of Supreme Court, Erie County, Buscaglia, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Burns, JJ.