■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN SOTO, Appellant. [812 NYS2d 513]—

Judgment, Supreme Court, New York County (Jeffrey M. Atlas, J.), rendered March 23, 2004, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly denied defendant's suppression motion. From an observation post at a carefully targeted, highly drug-prone location, a narcotics officer observed a pattern of furtive conduct which led the officer to conclude, based on his experience and training, that defendant and another man had just engaged in a drug transaction (*see People v Jones,* 90 NY2d 835 [1997]; *People v Schlaich,* 218 AD2d 398 [1996], *lv denied* 88 NY2d 994 [1996]; *see also People v Valentine,* 17 NY2d 128, 132 [1966]). The observing officer then radioed to the arresting officer that he had seen a drug transaction (*see People v Washington,* 87 NY2d 945 [1996]) and provided defendant's location and a detailed, specific description. In addition, the arresting officer saw defendant holding his hand in his pocket in a manner that suggested he was trying to conceal a weapon or other contraband. Accordingly, the record supports the hearing court's determination that the arresting officer had probable cause to arrest defendant. In any event, the arresting officer, at a minimum, had reasonable suspicion to stop and conduct a protective frisk, which ripened immediately into probable cause

(*cf. People v Diaz,* 81 NY2d 106 [1993]). Concur—Andrias, J.P., Saxe, Sullivan, Williams and McGuire, JJ.