# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**844**

**KA 15-00045**

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

TYRIEK A. JOHNSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered September 29, 2014.  The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]).  We reject defendant's contention that County Court's factual findings at the suppression hearing are against the weight of the evidence (*see People v Wilmot*, 204 AD2d 750, 751, *lv denied* 84 NY2d 835; *People v Wolf*, 160 AD2d 1076, 1077-1078, *lv denied* 76 NY2d 868).  Contrary to defendant's further contention, the court properly determined that the police had reasonable suspicion to stop the vehicle driven by defendant.  "Reasonable suspicion is the quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand" (*People v Cantor*, 36 NY2d 106, 112-113; *see People v Mitchell*, 118 AD3d 1417, 1417, *lv denied* 24 NY3d 963).  At the suppression hearing, a police officer with 23 years of experience in investigating narcotics identified the vehicle as the one used during an attempted controlled buy.  He testified that he observed a hand-to-hand transaction between the driver of the vehicle and someone outside the vehicle, and he observed the vehicle make three quick stops in at least two drug-prone areas.  We conclude under the totality of the circumstances that the police had reasonable suspicion to believe that

defendant had participated in a drug transaction (*see People v Cespedes*, 120 AD3d 585, 586, *lv denied* 24 NY3d 1082; *People v Jones*, 63 AD3d 1582, 1582-1583, *lv denied* 13 NY3d 797; *People v Soto*, 28 AD3d 264, 264, *lv denied* 7 NY3d 795; *see generally People v Jones*, 90 NY2d 835, 837).

We dismiss the appeal to the extent that defendant contends that the sentence is unduly harsh and severe inasmuch as defendant has completed serving his sentence and thus that part of the appeal is moot (*see People v Mackey*, 79 AD3d 1680, 1681, *lv denied* 16 NY3d 860; *People v Bald*, 34 AD3d 1362, 1362). We have examined defendant's remaining contention and conclude that it is without merit.

Entered:  October 7, 2016                    Frances E. Cafarell
                                             Clerk of the Court