(August 22, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPHUS ETHERIDGE, Appellant.—Judgment, Supreme Court, New York County (Peter J. McQuillan, J.), rendered October 7, 1983, convicting defendant of two counts of conspiracy in the fifth degree, four counts of grand larceny in the second degree, two counts of attempted grand larceny in the second degree and sixteen counts of criminal possession of a forged instrument in the second degree and sentencing him to conditional discharges on the conspiracy counts and to two groups of imprisonment on the other charges: in the first, twelve prison terms of from two to six years imprisonment on three of the grand larceny counts and nine forged instrument counts; in the second group, which is to run consecutively to the concurrent terms of the first group, eight prison terms of from two to six years on the remaining grand larceny and forged instrument counts and two terms of from one to three years on each of the two counts of attempted grand larceny, unanimously affirmed.

In this complex theft and forgery case, the only issue that warrants discussion is whether the police search of the defendant's car and attache case, without a warrant, was unconstitutional. We limit the fact recital to those relevant to this issue.

On January 3, 1980, at 10:30 P.M., Detective James Fazzini and his partner, Police Officer Fred Panaro, while on patrol in a marked police car, observed defendant pass a red light on Watson Avenue in the Bronx. When defendant pulled over, Fazzini recognized the defendant from several prior traffic violations with the same car.

The officers approached the car, and Fazzini informed defendant that he had passed a red light and requested defendant's driver's license and registration. Defendant produced an expired New York driver's license in his own name and a New Jersey registration and insurance card in the name of Kathleen Gabriel. Fazzini told defendant that his license had expired three days earlier, and defendant responded that he had a more recent license. After searching his wallet and pockets for the license without success, defendant stated, "I have it here somewhere" and opened the trunk of his car by

an internal mechanism. Fazzini accompanied defendant to the trunk and observed him remove a black zippered wallet from a small black attache case in the trunk. After closing the trunk, defendant took an employee identification card from the wallet and handed it to Fazzini. The identification contained a picture of someone other than the defendant along with the name and signature of "Felix Guzman".

Five years prior to this incident, Fazzini had stopped defendant for a traffic violation and arrested him after finding stolen credit cards, checks, and a driver's license in the name of Felix Guzman in his possession. Recognizing the name from this prior arrest, Fazzini asked defendant if he was "still fooling with this guy Guzman?" Defendant then reached for the card but Fazzini held on to it and arrested defendant for criminal possession of lost or stolen property. Fazzini then took the wallet, which contained numerous credit cards and identifications in various names. Fazzini opened the defendant's trunk and briefly looked in the attache case for additional contraband or weapons, but found none.

Upon a subsequent search of the car and attache case at the police station, Fazzini found in the latter a small zippered case containing several pens of different colors, a telephone bill and address book belonging to a woman, and several checks.

Defendant claims that the search of the attache case in the trunk of the car he was driving was unconstitutional. He argues that since he removed the false identification card from a wallet taken from the attache case, the detective was justified in suspecting only that the attache case—and not the car in general—contained contraband and that therefore the automobile exception to the warrant requirement does not justify the search. We disagree.

The Supreme Court recently held that police may search an automobile and the containers within it without a warrant where they have probable cause to believe contraband or evidence is contained therein. *(California v Acevedo, 500 US —, 114 L Ed 2d 619.)* Similarly, "when the circumstances giving rise to probable cause to arrest a driver or passenger in the automobile also support the belief that the automobile contains contraband related to the crime for which the arrest is made, police may search, within a reasonable time after the arrest, any container, locked or otherwise, located in the automobile." *(People v Langen, 60 NY2d 170, 172.)*

Thus, the question here is whether, at the time of defen-

dant's arrest, there was probable cause to search the vehicle or the attache case. Defendant was arrested for possession of a stolen identification card, which he removed from an attache case in the trunk of his car. These circumstances were sufficient to furnish a reasonable belief that additional contraband —perhaps other such cards—were concealed elsewhere in the car and entitled the detective to search the car's trunk, including the attache case and its contents.

The defendant's reliance on *Arkansas v Sanders* (442 US 753) to support his argument that the warrantless search of his car was unconstitutional is without merit since *California v Acevedo* (500 US, *supra*, at —, 114 L Ed 2d, *supra*, at 634) "eliminate[d] the warrant requirement for closed containers set forth in Sanders."

We have considered the other contentions of the defendant and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.