■ In the Matter of MELANIE RUTHERFORD, Respondent, v TOWN OF WESTMORELAND, Appellant.—Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Parker, J. (Appeal from Order of Supreme Court, Oneida County, Parker, J.—Late Notice of Claim.) Present—Denman, P. J., Doerr, Green, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CAREY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, upon a plea of guilty, of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09). He contends on appeal that the warrantless search of his vehicle was improper. We disagree. After validly stopping defendant's vehicle, the State Trooper observed, in plain view, a bag of marihuana inside the passenger compartment of the automobile. The State Trooper's discovery of marihuana combined with defendant's statement that he "forgot to put it away", provided the requisite probable cause to search both the trunk of defendant's vehicle and the locked briefcase contained therein (see, *California v Acevedo,* 500 US —, 111 S Ct 1982; *United States v Ross,* 456 US 798; *People v Ellis,* 62 NY2d 393; *People v Langen,* 60 NY2d 170, *cert denied* 465 US 1028; *People v Etheridge,* 175 AD2d 739, 740; *People v Carmichael,* 155 AD2d 983, 984-985, *lv denied* 75 NY2d 811). (Appeal from Judgment of Genesee County Court, Morton, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Denman, P. J., Callahan, Balio, Lawton and Davis, JJ.