■ ANTHONY COLAO, Appellant, v THOMAS E. MILLS, as Delaware County Sheriff, et al., Respondents. [770 NYS2d 474]—

---

* The referenced agreement defines pornography as including "publications and photos depicting nudity of any type."

Crew III, J. Appeal from a judgment of the Supreme Court (Hester, Jr., J.), entered January 3, 2003 in Delaware County, which granted defendants' motion to dismiss the complaint.

On July 28, 2001, a woman from Long Island telephoned the Delaware County Sheriff's office to advise that Patricia Bergman was involved in a domestic disturbance with plaintiff and might need assistance. As a consequence, a deputy sheriff went to plaintiff's residence and searched the residence, the yard and a barn in an effort to locate Bergman. Bergman was not found at plaintiff's property but, the following day, was located in the woods nearby suffering from shock.

Plaintiff commenced the instant action asserting, insofar as is relevant to this appeal, a claim pursuant to 42 USC § 1983 alleging that defendants engaged in an unlawful search of his property in violation of his 4th Amendment rights. Defendants thereafter moved to dismiss the complaint pursuant to CPLR 3211 (a) (2), (5) and (7) and CPLR 3212. Supreme Court granted defendants' motion on the ground that defendants were entitled to qualified immunity, and plaintiff now appeals.

In support of their motion to dismiss, defendants submitted, inter alia, the affidavits of defendant Delaware County Sheriff and two deputy sheriffs to establish the circumstances under which the deputies responded to the Long Island telephone call and, further, to demonstrate that plaintiff was fully cooperative in their investigation and consented to the complained of search. In opposition to the motion, plaintiff submitted his own affidavit, which sharply contradicted the assertions of the deputies and raised a question of fact as to whether his alleged consent was the product of his free and unconstrained choice, rather than mere acquiescence to a show of authority, and, even assuming consent was given, what the scope of such consent included.

To be sure, whether qualified immunity exists is purely a question of law (see Martinez v Simonetti, 202 F3d 625, 632 [2d Cir 2000]) and should be determined at the earliest stage of litigation (see Baez v City of Amsterdam, 245 AD2d 705, 707 [1997], lv denied 91 NY2d 810 [1998]). Nevertheless, where, as here, the facts upon which such legal determination must be made are in material conflict, summary judgment is inappropriate (see Lennon v Miller, 66 F3d 416, 422 [2d Cir 1995]; Landsman v

*Village of Hancock,* 296 AD2d 728, 731 [2002], *appeal dismissed* 99 NY2d 529 [2002]).

Here, defendants assert that plaintiff fully cooperated in their investigation and readily consented to the search of his home, a gun safe contained therein and the curtilage of his property, including a barn. Plaintiff sharply refutes those assertions, averring that he was much opposed to a search of his property and that he so stated to the deputy. Plaintiff further avers that he reluctantly consented to the "search" when he was assured that it was nothing more than a brief "walk through" to assure that Bergman was not on the premises. Finally, plaintiff states that he did not consent to a search of his gun safe, but only opened it upon an "order" to do so.

It is beyond cavil that a warrantless search is per se unreasonable and violative of the 4th Amendment unless it falls within a few enumerated exceptions, one of which is consent (*see Schneckloth v Bustamonte,* 412 US 218, 219 [1973]). In that regard, in order to ascertain whether a claimed consent is valid, the court must examine the totality of the circumstances under which it was given in order to determine whether it was the product of a free and unconstrained choice (*see id.* at 227). Here, given the marked discrepancies between the deputies' and plaintiff's versions of the "consent," Supreme Court should have denied the motion or conducted an immediate trial pursuant to CPLR 3211 (c) in order to resolve those issues.

Alternatively, defendants claim that the search here was permissible under the "exigent circumstances" exception to the 4th Amendment. It is important to note that for this exception to apply, it must first appear that there existed probable cause to search but, by reason of "exigent circumstances," there was insufficient time to obtain a warrant (*see Payton v New York,* 445 US 573, 583 [1980]). The record establishes not only that a woman from Long Island called the Delaware County Sheriff's office to report a possible domestic disturbance, but that Bergman herself communicated with an unspecified member of the Sheriff's office and indicated that she felt threatened by plaintiff and wanted assistance in retrieving her personal effects from his home. Additionally, the record reflects that a neighbor advised deputies that when Bergman appeared at her home to call her Long Island friend, she had a lacerated lip and a bruised face and appeared very distraught. While this information might well be sufficient to find that a reasonable officer could have believed the warrantless search to have been lawful, the record does not reflect when or if the searching deputies possessed such information. Accordingly, without a hearing, the record does not permit a finding of exigent circumstances.

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to dismiss the 42 USC § 1983 cause of action; motion denied to that extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.