■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN BARNETT, Appellant. [790 NYS2d 799]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered May 30, 2003. The judgment

convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that the verdict is against the weight of the evidence. We reject that contention (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). We further reject the contention that the conviction of assault in the first degree should be reduced to assault in the second degree because the victim did not sustain a serious physical injury. The victim suffered three stab wounds, including a laceration to the liver, required surgery and was hospitalized for five days. He testified that he suffered a serious and protracted disfigurement, and the jury was able to view his scars. Under the circumstances, we conclude that the evidence is legally sufficient to establish that the victim sustained a serious physical injury (*see People v Gagliardo*, 283 AD2d 964 [2001], *lv denied* 96 NY2d 901 [2001]).

Defendant further contends that the prosecutor violated Supreme Court's *Sandoval* ruling by questioning defendant about statements he had made to the police. Those statements did not fall within the scope of the court's *Sandoval* ruling. In addition, the court properly admitted testimony of a police officer regarding those statements as rebuttal testimony (*see People v Hill*, 281 AD2d 917, 917-918 [2001], *lv denied* 96 NY2d 902 [2001]; *see also* CPL 260.30 [7]). The contention that defendant's conviction of criminal possession of a weapon in the third degree should be reduced to criminal possession of a weapon in the fourth degree is not preserved for our review (*see* CPL 470.15 [6] [a]). The sentence is not unduly harsh or severe. Present— Scudder, J.P., Martoche, Pine, Lawton and Hayes, JJ.