■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EVANS, Appellant. [801 NYS2d 462]—

Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered March 17, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree, criminal use of drug paraphernalia in the second degree, unlawful possession of marihuana, and harassment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). The police responded to defendant's residence after receiving a 911 telephone call from that residence from a woman named Amy who cried "help me" before hanging up. No one responded when the police arrived at the residence and knocked on the door, but the police could hear movement inside the residence. At that time, defendant pulled into the driveway in a Chevrolet and explained that he and Amy, his girlfriend, had argued earlier that evening while riding in the GMC vehicle that was now parked in the driveway. Defendant reported that Amy had fled the vehicle on foot, taking the couple's dogs with her. The police entered the residence to search for Amy and, while inside the residence, they observed drug paraphernalia in plain view. The police then obtained a search warrant for the residence and the two vehicles.

Contrary to the contention of defendant, County Court properly refused to suppress evidence seized by the police from the GMC vehicle and his residence before they obtained the search warrant. With respect to the vehicle, the police observed

drugs in plain view on the dashboard when defendant opened the door to the vehicle to look for Amy's purse (*see People v Vazquez*, 229 AD2d 997 [1996], *lv denied* 88 NY2d 1025 [1996]; *People v Carey*, 178 AD2d 992 [1991]). The police then had probable cause to search the vehicle for additional drugs (*see People v Barclay*, 201 AD2d 952 [1994]; *Carey*, 178 AD2d 992 [1991]). With respect to the residence, the police were justified in entering the residence based on the emergency exception to the warrant requirement (*see generally People v Molnar*, 98 NY2d 328, 331-333 [2002]). The record establishes that the police entered the residence to search for Amy, who had made a 911 telephone call from the residence in obvious distress, not to search for contraband (*see People v Thatcher*, 9 AD3d 682, 684 [2004]; *People v Longboat*, 278 AD2d 836 [2000], *lv denied* 96 NY2d 802 [2001]). Also contrary to defendant's contention, the court properly refused to suppress the drugs found in the Chevrolet upon execution of the search warrant.

Defendant further contends that the court erred in admitting in evidence photographs of defendant rolling a marihuana cigarette and placing LSD on his tongue. The record establishes, however, that those photographs were not in fact admitted in evidence. To the extent that defendant further contends that the court erred in allowing the prosecutor to question a police witness using one of those photographs, that contention is not preserved for our review because defendant failed to object to the question at issue (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). To the extent that defendant contends that the court erred in allowing the prosecutor to cross-examine defendant using those photographs to impeach defendant's credibility, that contention is also unpreserved for our review because defendant failed to raise a *Sandoval* objection at trial (*see generally People v Allen*, 198 AD2d 789, 789-790 [1993], *affd* 84 NY2d 982 [1994]). In any event, defendant opened the door to questions regarding his drug use because he testified on direct examination that he used drugs (*see People v Eraso*, 248 AD2d 243 [1998], *lv denied* 91 NY2d 1007 [1998]).

Defendant contends that he was deprived of a fair trial by prosecutorial misconduct during summation. Defendant failed to object to one of the instances of alleged misconduct and, in any event, reversal is not warranted based on that instance of alleged misconduct or the remaining two instances of alleged misconduct to which defendant objected (*see People v Smith*, 306 AD2d 861, 863 [2003], *lv denied* 100 NY2d 599 [2003]). The

verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Scudder, J.P., Martoche, Smith, Pine and Hayes, JJ.