■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM OJAR, Appellant. [832 NYS2d 250]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered March 24, 2006, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A person is justified in using deadly force against another if

he or she reasonably believes such to be necessary to defend himself or herself or a third person from what he or she reasonably believes to be the use or imminent use of deadly physical force by such other person (*see* Penal Law § 35.15 [2]; *People v Candelaria,* 206 AD2d 385 [1994]). "A court need not charge the defense of justification if, considering the record in the light most favorable to the defendant, no reasonable view of the evidence supports it" (*People v Bennett,* 279 AD2d 585 [2001], citing *People v Reynoso,* 73 NY2d 816 [1988]).

In the instant case, the defendant testified that he did not intend to stab the complainant, thus undercutting his reliance on a justification defense with respect to the count alleging assault in the first degree (*cf. People v Montana,* 192 AD2d 623 [1993]; *People v Ludwig,* 155 AD2d 558 [1989]). Moreover, the defendant failed to adduce any testimony demonstrating that the complainant was about to use deadly force against him. In fact, the defendant did not dispute that the complainant was unarmed. In addition, justification based on self-defense does not apply to a crime based on possession of a weapon (*see People v Thomas,* 232 AD2d 667 [1996]). Therefore, the Supreme Court properly denied the defendant's request to charge the jury regarding the justification defense.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Finger,* 95 NY2d 894, 895 [2000]; *People v Gray,* 86 NY2d 10, 20 [1995]; *People v Bynum,* 70 NY2d 858, 859 [1987]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see* Penal Law § 120.10 [1]; *People v Barnett,* 16 AD3d 1128, 1129 [2005]; *People v Singh,* 12 AD3d 537, 538 [2004]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

The defendant's contention raised in point two of his brief, regarding an evidentiary ruling by the trial court, is without merit. The defendant's contention raised in point three of his brief, regarding alleged prosecutorial misconduct, is unpreserved for appellate review and, in any event, is without merit. Spolzino, J.P., Skelos, Covello and Balkin, JJ., concur.