# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

796
KA 11-00972
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

MIGUEL A. JARAMILLO, DEFENDANT-APPELLANT.

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

MIGUEL A. JARAMILLO, DEFENDANT-APPELLANT PRO SE.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (KRISTYNA S. MILLS OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered March 7, 2011. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, criminal possession of a weapon in the fourth degree and perjury in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]), criminal possession of a weapon in the fourth degree (§ 265.01 [2]) and perjury in the first degree (§ 210.15). By making only a general motion for a trial order of dismissal, defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish the element of serious physical injury with respect to the assault count (*see People v Gray*, 86 NY2d 10, 19). Contrary to defendant's further contention, viewing the evidence in light of that element of assault as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence with respect to that element (*see generally People v Bleakley*, 69 NY2d 490, 495). We conclude that the jury properly weighed the evidence in determining that defendant inflicted serious physical injury when he stabbed the victim, thereby lacerating muscle tissue, puncturing the victim's liver, and causing permanent scarring (*see People v Barnett*, 16 AD3d 1128, 1129, *lv denied* 4 NY3d 883).

County Court properly exercised its discretion in denying defendant's request for assignment of new counsel (*see generally*

*People v Porto*, 16 NY3d 93, 99-100). "[D]efendant's disagreements with counsel over trial strategy did not establish the requisite good cause for substitution of counsel" (*People v Saladeen*, 12 AD3d 1179, 1180, *lv denied* 4 NY3d 767), nor was substitution of counsel warranted based on defendant's apparent attempt to create a conflict of interest by commencing an action in federal court against the Public Defender (*see People v Walton*, 14 AD3d 419, 420, *lv denied* 5 NY3d 796; *People v Davis*, 226 AD2d 125, 126, *lv denied* 88 NY2d 1020).

The record of the suppression hearing supports the determination of the court that the police obtained defendant's consent to enter his residence (*see People v Nielsen*, 89 AD3d 1041, 1042, *lv denied* 18 NY3d 996), and properly seized a shotgun that was in plain view in his living room (*see People v Brown*, 96 NY2d 80, 88-89). We agree with defendant, however, that the record does not support the court's determination that the People met their burden of establishing that defendant consented to the seizure of a bulletproof vest from his residence (*see People v McFarlane*, 93 AD3d 467, 467-468). Nevertheless, we conclude that the court's error in refusing to suppress the vest on that ground is harmless beyond a reasonable doubt (*see generally People v Crimmins*, 36 NY2d 230, 237).

We reject defendant's contention that the court violated his right to a public trial by conducting certain proceedings in chambers. The record establishes that the proceedings at issue were distinct from trial proceedings that must be conducted in public (*see People v Olivero*, 289 AD2d 1082, 1082, *lv denied* 98 NY2d 639). Defendant failed to preserve for our review his further contentions that the prosecutor improperly shifted the burden of proof during summation (*see People v Glenn*, 72 AD3d 1567, 1568, *lv denied* 15 NY3d 805), and that the court improperly relied on the presentence report in determining the amount of restitution (*see People v Roots*, 48 AD3d 1031, 1032). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Further, absent any indication that the court relied upon allegedly erroneous information in the presentence report in imposing the sentence, we decline to disturb the sentence based upon the court's failure to redact that information (*see People v Molyneaux*, 49 AD3d 1220, 1222, *lv denied* 10 NY3d 937). The sentence is not unduly harsh or severe. We have considered the contentions raised by defendant in his pro se supplemental brief and conclude that none warrants modification or reversal of the judgment.

Entered:  July 6, 2012                    Frances E. Cafarell
                                          Clerk of the Court