At the time of the defendant’s plea of guilty, the prosecutor noted that the plea agreement included an obligation on the part of the defendant to make restitution, and the defense counsel acknowledged that this also was his understanding and the understanding of the defendant. The amount of restitution was subsequently set forth in an updated presentence report, was mentioned by the prosecutor at the sentencing proceeding, and thereafter was imposed by the County Court during the sentencing, with no defense objection ever being made regarding the amount of restitution or the manner in which it was calculated.
In view of the foregoing circumstances, the defendant may not now contest either the amount of restitution or “the adequacy of the procedures the court used to arrive at its sentencing determination” (People v Callahan, 80 NY2d 273, 281 *1148 [1992]; see People v Horne, 97 NY2d 404, 414 n 3 [2002]; People v Kim, 91 NY2d 407, 410-411 [1998]; People v Jaramillo, 97 AD3d 1146 [2012], lv denied 19 NY3d 1026 [2012]; People v Francis, 82 AD3d 1263 [2011]).
The defendant’s remaining contentions are without merit. Mastro, J.P., Dickerson, Lott and Austin, JJ., concur.