Lahtinen, J.
Appeal from an order of the Supreme Court (O’Shea, J.), entered December 4, 2012 in Chemung County, which, among other things, granted defendants’ motion for summary judgment dismissing the complaint.
Ryan Evans called 911 to report that his mother was in a vehicle with an intoxicated individual, Nicholas Cicci. During the course of the call, Cicci threatened to shoot any responding police, which Evans relayed to the 911 operator. Defendant Richard L. Matthews Jr., a Chemung County Sheriffs Deputy, was the first officer to respond and, by such time, Cicci was *1182 standing in the yard of the home where he resided with his parents, including plaintiff, his father. Evans was still at the scene and confirmed to Matthews that Cicci was the person threatening to shoot police. As Matthews approached and spoke to Cicci, he observed that Cicci was visibly upset, cursing at him and his anger escalating. Matthews obtained Cicci’s permission to search him for weapons, but before he reached the area where a gun would typically be located, Cicci suddenly shoved or struck Matthews and attempted to flee to the house. Matthews informed Cicci that he was under arrest and directed him to stop, which Cicci did not do.
Matthews pursued Cicci to the back door of the house where Cicci entered and apparently locked or otherwise blocked the door. Two local police officers, defendants David J. Noonan and Steven Pickering, had arrived to assist in the situation. Matthews and the two officers forced their way into plaintiffs house to arrest Cicci. Plaintiff was reportedly yelling at the police and allegedly physically interfered with the arrest of Cicci, resulting in plaintiffs arrest. Although not clear from the record, it appears that most, if not all, criminal charges against plaintiff were eventually dismissed. He commenced this action alleging, among other things, battery, trespass and a claim under 42 USC § 1983 based upon the warrantless entry into his home. Defendants moved for summary judgment dismissing the complaint and plaintiff cross-moved for partial summary judgment. Supreme Court granted defendants’ motion and dismissed the complaint. Plaintiff appeals.
Plaintiff argues that it was error to dismiss the causes of action premised upon the warrantless entry into his home. We are unpersuaded. Police officers performing their governmental duty are entitled to qualified immunity “as long as their actions did not violate the plaintiffs clearly established legal rights” (Colao v Mills, 39 AD3d 1048, 1050 [2007]; see Baez v City of Amsterdam, 245 AD2d 705, 706-707 [1997], lv denied 91 NY2d 810 [1998]). “[A] warrantless search is per se unreasonable and violative of the 4th Amendment unless it falls within a few enumerated exceptions” (Colao v Mills, 3 AD3d 702, 704 [2004]). Initially, we note that where, as here, an individual is arrested outside a home for conduct witnessed by an officer (i.e., Cicci suddenly shoving or striking Matthews during a permitted search), the individual “may not [then] thwart an otherwise proper arrest ... by escaping into his [or her] residence” (People v Wheatley, 55 AD3d 947, 948 [2008], lv denied 11 NY3d 931 [2009] [internal quotation marks and citation omitted]). Moreover, defendants submitted sufficient unrebut *1183 ted proof to establish the exigent circumstances exception for a warrantless entry (see generally People v McBride, 14 NY3d 440, 445 [2010], cert denied 562 US —, 131 S Ct 327 [2010]; Colao v Mills, 39 AD3d at 1051). Proof in such regard included the reported statements that Cicci planned to shoot police, the identification of Cicci at the scene and confirming that he had made such threats, Matthews’ observation of Cicci’s highly agitated state and apparent intoxication, Cicci’s physical action stopping Matthews’ search when nearing the area where weapons would normally be concealed, and his immediate flight to a place from which he could safely carry out his threat against responding officers as well as procure a weapon if he did not already have one.
We do, however, find a factual issue regarding plaintiffs cause of action alleging battery by Noonan and Pickering. A battery occurs where a defendant “intentionally engage[s] in offensive bodily contact without plaintiffs consent” (Guntlow v Barbera, 76 AD3d 760, 766 [2010], appeal dismissed 15 NY3d 906 [2010]; see Goff v Clarke, 302 AD2d 725, 726 [2003]). Plaintiff testified at his deposition that he was about to fall asleep when his dog started barking and he became aware that something was transpiring outside his home. As he walked toward a window, Cicci — his son who resided there — suddenly came in the back door and locked it. Immediately thereafter, individuals began breaking in that door. Plaintiff claimed that he did not know it was the police until the three officers entered his house. According to plaintiff, once he saw that the police had entered, he backed five or six feet away from them and inquired of the police in a loud voice as to what they were doing. Plaintiff recalled that Noonan and Pickering — who had been summoned to assist Matthews — responded, “we don’t know why we are here.” Plaintiff then observed Matthews use a taser on Cicci. As plaintiff was still standing away from the police and looking at his wife, Pickering tased plaintiff in the back. Noonan also used a taser on him. Although the police portrayed a much different version of events in which plaintiff physically interfered with their attempt to arrest Cicci, nonetheless, viewing the evidence most favorably to the nonmovant (see e.g. Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), an issue of fact exists as to plaintiff’s battery claim against Noonan and Pickering (see Guntlow v Barbera, 76 AD3d at 766).
The remaining issues have been considered and are unavailing.
Peters, RJ., Garry, Rose and Lynch, JJ., concur.
Ordered that the order is modified, on the law, without costs, by reversing so *1184 much thereof as granted defendants’ motion for summary judgment dismissing the first cause of action alleging battery against defendants David J. Noonan and Steven Pickering; motion denied to said extent; and, as so modified, affirmed.