*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 12, 2016                    519946
_____

NICHOLAS M. LUCAS, as Assignee
    of JUSTIN LUCAS,
                    Appellant,
        v                                   MEMORANDUM AND ORDER

OTSEGO COUNTY SHERIFF RICHARD
    J. DEVLIN JR. et al.,
                    Respondents.
_____

Calendar Date:   March 21, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Wayne P. Smith, Schenectady, for appellant.

        Lemire Johnson & Higgins, LLC, Malta (Bradley J. Stevens of
counsel), for respondents.

_____

Devine, J.

        Appeal from an order of the Supreme Court (Dowd, J.),
entered January 15, 2014 in Otsego County, which, among other
things, granted defendants' motion for summary judgment
dismissing the complaint.

        Plaintiff was arrested in January 2011 and charged with,
among other things, criminal possession of marihuana in the first
degree.  The Town of Worcester Justice Court set bail at $50,000.
Plaintiff was being held at the Otsego County Correctional
Facility and, on January 13, 2011, his brother traveled there and
posted cash bail.  Plaintiff was not released because Justice
Court, having been advised that plaintiff had two prior felony
convictions, concluded that it had no authority to set bail and

issued a new commitment order the same day that remanded him without bail (see CPL 530.20 [2] [a]). The money was not returned and, in July 2011, plaintiff's brother assigned whatever rights he had in it to plaintiff. Counsel for plaintiff demanded the return of the money in September 2011. Defendant Otsego County Sheriff stated that he was no longer in possession of the money, as it had been seized and transferred to the Drug Enforcement Administration (hereinafter DEA) as part of a drug investigation (see 18 USC §§ 981 [b]; 983; 21 USC § 881).

Plaintiff commenced this action in 2012 and asserted, as is pertinent here, a claim under 42 USC § 1983.[1] Plaintiff essentially argued that the Sheriff and one of the Sheriff's senior investigators, defendant Michael F. Ten Eyck, deprived him of his right to due process by handing the bail money over to the DEA. Following joinder of issue, defendants moved for summary judgment dismissing the complaint and other relief. Plaintiff responded by cross-moving for summary judgment. Supreme Court determined that, among other things, defendants were shielded from liability by the doctrine of qualified immunity and granted their motion. Plaintiff now appeals.

We affirm. A cognizable claim under 42 USC § 1983 requires, "at a minimum, conduct by a person acting under color of law which deprived [plaintiff] of a right, privilege or immunity guaranteed by the Constitution or the laws of the United States" (DiPalma v Phelan, 81 NY2d 754, 756 [1992]; see American Mfrs. Mut. Ins. Co. v Sullivan, 526 US 40, 49-50 [1999]). Defendants nevertheless have qualified immunity for their conduct if they did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known" (Mullenix v Luna, ___ US ___, ___, 136 S Ct 305, 308

---

[1] The seized bail money was forfeited to the United States, and plaintiff pursued "the exclusive remedy" for that situation by moving in federal court to set aside the forfeiture (18 USC § 983 [e] [5]; see generally Lucas v United States, 775 F3d 544 [2d Cir 2015]). Inasmuch as he recovered the money as a result of that proceeding, plaintiff limits his arguments on this appeal to the viability of his 42 USC § 1983 claim.

[2015] [internal quotation marks and citations omitted]).   "The two parts of this inquiry are whether plaintiff suffered a constitutional [or statutory] violation at the hands of defendants and, if so, whether the constitutional [or statutory] right was clearly established at the time so that any reasonable officer would clearly recognize that his or her conduct was unlawful in that situation" (Colao v Mills, 39 AD3d 1048, 1050 [2007]; see Mullenix v Luna, 136 S Ct at 308; Alex LL. v Department of Social Servs. of Albany County, 60 AD3d 199, 208 [2009], lv denied 12 NY3d 710 [2009]).   The question of whether qualified immunity attaches is one of law, and "should ordinarily be determined by the court . . . early in the case" (Colao v Mills, 39 AD3d at 1050; see Rossi v City of Amsterdam, 274 AD2d 874, 876 [2000]).

Defendants submitted documentation that the seized bail money was transferred to the DEA on January 19, 2011, six days after it was posted, and a commitment order was issued that remanded plaintiff without bail (see 18 USC § 981 [b]; 21 USC § 881 [a] [6]; [b]).   Plaintiff questioned in his cross motion for summary judgment whether that documentation constituted admissible evidence, but acknowledged that defendants seized the money upon their belief that it was derived from the drug trade and, further, did not dispute that its transfer to the DEA occurred as described.[2]   With regard to the six days that the bail money was in the possession of defendants prior to its transfer to the DEA, a person deprived of his or her property by state actors is entitled to due process (see United States v Eight Thousand Eight Hundred and Fifty Dollars [$8,850] in United States Currency, 461 US 555, 564-565 [1983]).   It is doubtful that the brief delay in transferring the bail money to the DEA

---

[2]   To the extent that plaintiff questions the rationale behind the initial retention of the bail money by defendants, the reasons for doing so were detailed in the reply affidavit of Ten Eyck.   While assertions made for the first time in a reply affidavit will not ordinarily be considered, Supreme Court did not err in doing so here, as plaintiff submitted surreply papers that were also considered (see Hanscom v Goldman, 109 AD3d 964, 965 [2013]).

deprived plaintiff or his brother of that right, particularly in the absence of any demand for its return during that period (see e.g. Mercado v United States Customs Serv., 873 F2d 641, 646 [2d Cir 1989]).  Defendants also cannot be faulted for then turning the bail money over to federal agents who seemingly had the authority to take it (see 18 USC § 981 [b]; 21 USC § 881 [b]; see e.g. Teddy's Dr. In v Cohen, 47 NY2d 79, 82 [1979]; Rossi v City of Amsterdam, 274 AD2d at 876).  Defendants' actions, in short, did not violate a "clearly established statutory or constitutional right[] of which a reasonable person would have known" (Harlow v Fitzgerald, 457 US 800, 818 [1982]; see Hayes v O'Connor, 2004 WL 2334078, *7, 2004 US Dist LEXIS 20640, *21 [SD NY, Oct. 4, 2004, No. 03-CV-1371 (SHS)]).  Thus, Supreme Court properly held that qualified immunity protected defendants from plaintiff's 42 USC § 1983 claim.

The remaining contentions advanced by plaintiff have been considered and rejected.

Garry, J.P., Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court