| Martinez v City of New York |
|:---:|
| 2026 NY Slip Op 30901(U) |
| March 10, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 526219/2023 |
| Judge: Peter P. Sweeney |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
RAYMOND MARTINEZ, as Administrator of the
Estate of ROBERT ORTIZ,

                                      Plaintiff,

              -against-

THE CITY OF NEW YORK,

                                   Defendant.

-------------------------------------------------------------------X

Index No: 526219/2023
Motion Sequence # 3
Return Date: 1-12-26

**DECISION AND ORDER**

       The following papers, which are e-filed with NYCEF as items 149-182, were read on this motion:

       In this action to recover damages for personal injuries, in Motion Sequence #3, the Defendant, the City of New York ("the City"), moves for an Order, pursuant to CPLR 4401 and 4404 setting aside the jury's verdict in its entirety and to enter judgment for the Defendant as a matter of law, on the ground that the Plaintiff failed to establish a prima facie case, and in the interest of justice, or in the alternative, setting aside the verdict and granting a new trial on the grounds that the verdict is against the weight of the credible evidence, the damages award is excessive and inconsistent, and in the interest of justice. The Defendant also seeks a stay of the entry of judgment pending resolution of this post-trial motion and until a duly appointed administrator is granted the necessary authority to proceed.

       This action involves a police shooting that occurred on July 10, 2014, in Brooklyn, New York. Police Officer James Hasper, an employee of the New York City Police Department, discharged a single round striking the decedent, Robert Ortiz, following a vehicle pursuit. The decedent survived the shooting but subsequently died of unrelated causes. Following a trial, the jury returned a verdict finding that Officer Hasper's use of deadly force was improper and awarding Plaintiff $750,000 for pain and suffering.

1

[* 1]

A verdict is not supported by legally sufficient evidence if there is no "valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v. Hallmark Cards*, 45 N.Y.2d 493, 499, 410 N.Y.S.2d 282, 382 N.E.2d 1145; *see Nicastro v. Park*, 113 A.D.2d 129, 495 N.Y.S.2d 184). "A jury verdict may be set aside as contrary to the weight of the evidence [under CPLR 4404(a)] only if the evidence so preponderated in favor of the [moving party] that the verdict could not have been reached on any fair interpretation of the evidence" (*Pen v. Wheels, Inc.*, 231 A.D.3d 848, 848, 219 N.Y.S.3d 710 [internal quotation marks omitted]; *see Lolik v. Big V Supermarkets, Inc.*, 86 N.Y.2d 744, 746, 631 N.Y.S.2d 122, 655 N.E.2d 163). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Angieri v. Musso*, 225 A.D.3d 43, 51, 206 N.Y.S.3d 316 [internal quotation marks omitted]; *see Bacchus v. Restaurant Depot, LLC*, 234 A.D.3d 903, 904, 227 N.Y.S.3d 152).

Applying these principles, the Court finds that the verdict was supported by legally sufficient evidence and was not contrary to the weight of the evidence. The trial record sufficiently supports the contention that the use of deadly force was unnecessary because the threat had subsided when the shooting occurred. Most significantly, Officer Ramos testified that at the time the shot was fired, the decedent's vehicle was stopped, inoperable, stalled, and/or in park. This testimony was supported by Officer D'Antuano, who was standing directly next to Officer Hasper and testified that the SUV was not moving toward Officer Hasper when he discharged his weapon. Additionally, Officer D'Antuano stated he did not fear that other officers were in danger of being struck because he "didn't see any other officers there". Officer Hasper himself admitted during cross-examination that if the car were stalled and inoperable, there would have been no need to shoot because the vehicle would have not been able to hurt or kill anybody. In sum, the jury's determination that Officer Hasper use of deadly force was improper was supported by the evidence and was not contrary to the weight of the evidence. In light of the above, Plaintiff's contention that the Court should not entertain the City's motion to set aside the verdict because the City made an oral motion to set aside the verdict at trial, which was denied, need not be addressed.

[* 2]

This action was not barred by the doctrine of collateral estoppel as the City contends. While the United States District Court for the Eastern District dismissed the action as against Officer Hasper on the grounds of qualified immunity, the City did not allege the defense of collateral estoppel in their answer. The Court's prior ruling denying the City's motion to amend their answer to allege the defense constitutes the law of the case.

Even if the issue of whether the doctrine of collateral estoppel barred the action was properly before the Court, the Court would find that the doctrine does not apply because the City did meet its burden of showing identity of the issue. "The doctrine of collateral estoppel applies when: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (*Baldeo v. HSBC Bank USA, NA,* 229 A.D.3d 591, 593, 216 N.Y.S.3d 612 [internal quotation marks omitted]; *see Conason v. Megan Holding, LLC,* 25 N.Y.3d 1, 17, 6 N.Y.S.3d 206, 29 N.E.3d 215). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (*Moran v. County of Suffolk,* 189 A.D.3d 1219, 1221, 138 N.Y.S.3d 92 [internal quotation marks omitted]; *see Clifford v. County of Rockland,* 140 A.D.3d 1108, 1110, 35 N.Y.S.3d 211). Whether a Police Officer is protected by qualified immunity turns on whether or not his conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known (*Sagendorf–Teal v. County of Rensselaer,* 100 F.3d 270, 276). "A right is clearly established '[i]f the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right' " (*Baker v. Willett,* 42 F.Supp.2d 192, 197, quoting *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523; *see Colao v. Mills,* 39 A.D.3d 1048, 1050, 834 N.Y.S.2d 375). Whether a Police Officer's use of deadly force is justified turns on whether he or she reasonably believed such to be necessary to defend himself or herself or a third person from what he or she reasonably believes to be the use or imminent use of deadly physical force by such other person" (*People v. Heron,* 130 A.D.3d 754, 755, 13 N.Y.S.3d 243; *see* Penal Law § 35.15[2]; *People v. Ojar,* 38 A.D.3d 684, 684–685, 832 N.Y.S.2d 250). The two issues, although similar, are not identical.

[* 3]

The City's motion for a new trial on the grounds of prejudicial attorney conduct in summing up to the jury and the admission of IAB investigation evidence is denied. Notably, Defense counsel did not object to the challenged remarks during summation or request a curative instruction, thus depriving the court of the opportunity to direct the jury to disregard those remarks or give other curative instructions (*see Reilly v. St. Charles Hosp. & Rehabilitation Ctr.,* 143 A.D.3d 692, 694, 40 N.Y.S.3d 118; *Frederic v. City of New York,* 117 A.D.3d 899, 900, 985 N.Y.S.2d 914). "Where no objection is interposed, a new trial may be directed only where the remarks are so prejudicial as to have caused a gross injustice, and where the comments are so pervasive, prejudicial, or inflammatory as to deprive a party of a fair trial" (*Kleiber v. Fichtel,* 172 A.D.3d at 1052, 101 N.Y.S.3d 354). Such is not the case here. Indeed, the alleged inflammatory remarks, in this Court's view, constituted fair comment. With respect to the evidence regarding he IAB investigation, the Court gave a curative instruction which alleviated any claim of prejudice.

The jury's award of $750,000 for pain and suffering was not excessive given the severity of the gunshot wound and the significant trauma the decedent endured. The evidence established that the bullet caused five distinct traumatic injuries to the liver, diaphragm, intestines, and abdominal wall, necessitating emergency surgery for a bowel resection. During his thirteen-day hospitalization, medical records documented that he was in excruciating pain and later suffered from a postoperative abscess and an abdominal incisional hernia. Beyond the physical recovery, there was evidence of fright and the shock and that the decedent was in fear of imminent death, including a video of the decedent in acute respiratory distress stating, "I can't breathe." Finally, the trial evidence included photographs of a pronounced permanent vertical Keloid scar. Under these circumstances, the $750,000 award for pain and suffering does not deviate materially from what would be considered reasonable compensation for such life-threatening injuries and chronic suffering.

With respect to the City request for a stay, while the entry of judgment shall proceed, any funds received by the Plaintiff in satisfaction of this judgment or via settlement shall be held in escrow and may not be disbursed to any distributees until the Plaintiff obtains and serves an Order from the Kings County Surrogate's Court lifting the current restrictions on the Letters of Administration. This requirement ensures that Surrogate's Court may properly oversee the

4

[* 4]

allocation and distribution of the $750,000 award among any potential distributees or creditors of the Estate of Robert Ortiz, consistent with the City's concerns regarding the finality of the estate's claim.

The Court has considered the City's remaining arguments and find them to be without merit.

For the above reasons, it is hereby

ORDERED that Motion Sequence #3 is DENIED in its entirety; and it is further

ORDERED that the branch of the motion seeking a stay of entry of judgment is DENIED and the entry of judgment shall proceed, but any funds received by the Plaintiff in satisfaction of this judgment or via settlement shall be held in escrow and may not be disbursed to any distributee until the Plaintiff obtains and serves an Order from the Kings County Surrogate's Court lifting the current restrictions on the Letters of Administration

This constitutes the decision and order of the Court.

Dated: March 10, 2026

_____

**HON. PETER P. SWEENEY**

KINGS COUNTY CLERK FILED 2026 MAR 11 A 8: 40

[* 5]